| | |
|---|---|
| CHARLESTON AUTOMOTIVE COMPANY; LIBERTY MUTUAL FIRE INSURANCE COMPANY; and NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>Defendant. | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>HENDRICK AUTOMOTIVE GROUP,<br><br>Third-Party Defendant. | |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for good cause shown, balancing the interests of the parties, and of any non-parties from whom discovery or testimony may be sought, in maintaining the confidentiality of competitively sensitive and confidential business and marketing information, with the rights of the parties to obtain relevant information through discovery in this action, and the rights of the public,

IT IS HEREBY ORDERED THAT,

1. Scope of Protection

1

Subject to the terms and conditions below, this Protective Order shall govern all material produced or disclosed in this action, whether by a party or by any other person, including the following: documents (which shall have the broadest possible meaning and include information memorialized in any way, including in paper or electronic format), data and information, answers to interrogatories, responses to document requests, deposition transcripts, answers to deposition questions, responses to requests for admission, affidavits, responses to subpoenas *duces tecum*, and such other materials and information as may be provided by the parties or any other person during the course of discovery in this action, including pages of documents or divisible parts of other materials.

2. Designation of Confidential Information

a. Any party or non-party from whom discovery or testimony is sought who provides or produces testimony, information, and/or documents (a "Producing Party") may designate the testimony, information, and/or documents being provided or produced as "CONFIDENTIAL" in accordance with the terms of this Protective Order.

b. Only information that is personally sensitive, nonpublic, confidential, or proprietary and that is not generally available may be designated as "CONFIDENTIAL." This information includes, but is not limited to, personal information that is not usually disclosed (such as passwords, birthdates, addresses, driver's license numbers, social security numbers, account information, health or biographical information), proprietary, trade secret, confidential research, development, business, financial, or commercial information, or competitively sensitive trademark and/or copyright information used in or relating to such Producing Party's business that is believed to be unknown or unavailable to the public.

c. Documents may be designated by a Producing Party as

2

"CONFIDENTIAL" by being stamped with a designation so as to clearly indicate their status as "CONFIDENTIAL" documents.

        d.     A Producing Party may designate testimony given in deposition or in other pretrial or trial proceedings as "CONFIDENTIAL" by (a) declaring the same on the record before the close of the deposition, hearing, or other proceeding, or (b) in the case of a deposition, designating specific lines and pages as "CONFIDENTIAL" and serving such designations in writing within fourteen (14) days of receipt of the deposition transcript. The entirety of all deposition transcripts shall be treated as "CONFIDENTIAL" for the fourteen-day period following receipt of the transcript. After the fourteen-day period, only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Protective Order. Transcript pages containing designated testimony must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," as instructed by the Producing Party making the designation. In the event that any question is asked at a deposition with respect to which it is asserted, on the record, that the answer requires the disclosure of "Confidential Information," the question shall nonetheless be answered by the witness fully and completely. Before the witness answers, however, all persons present who are not otherwise bound by this Protective Order shall be required to sign or otherwise indicate on the record their agreement to the Protective Order by signing an Acknowledgement in the form attached hereto as Exhibit A. If any such person, other than the witness, declines to do so, that person shall leave the room during the time in which "Confidential Information" is disclosed or discussed. When any document or other material designated as "Confidential Information" is introduced as an exhibit, counsel introducing such exhibit shall advise the court reporter that the exhibit is "Confidential

Information" pursuant to this Protective Order. Before the "CONFIDENTIAL" exhibit is discussed, however, all persons present who are not otherwise bound by this Protective Order shall be required to sign or otherwise indicate on the record their agreement to the Acknowledgement, Exhibit A. If any such person, other than the witness, declines to do so, that person shall leave the room during the time in which the exhibit that is "CONFIDENTIAL" is discussed. No deposition exhibit marked as "CONFIDENTIAL" shall be provided to any person who is not a Party or is not entitled to review such "Confidential Information" under this Protective Order. No deposition exhibit marked as "CONFIDENTIAL" shall be provided to any person who is not permitted to view such information under this Protective Order. The fact that a Party has not objected to designation of all or any portion of the deposition transcript as "Confidential Information" during the deposition itself does not waive such Party's right to seek release of that transcript from the terms and provisions of this Protective Order.

    e.  Documents that are marked as "CONFIDENTIAL" at the time of production and used as deposition exhibits will continue to be protected without further designation, and the continued protection of such exhibits will not be dependent upon the transcript or video recording, or any portion thereof, being designated as "Confidential Information." Documents not marked "CONFIDENTIAL" when produced shall not become "CONFIDENTIAL" because they are exhibits to a deposition that is designated as "Confidential Information."

  3.  Qualified Persons

    a.  This Protective Order prohibits the disclosure of "Confidential Information" and also prohibits the discussion of such "Confidential Information" with any person to whom disclosure is not specifically authorized by this Protective Order.

b. "Confidential Information" including any copies or notes made therefrom, may be disclosed only to "Qualified Persons." Qualified Persons are limited to:

i. Counsel of record for the Parties in this litigation and associated personnel necessary to assist counsel in this action, such as paralegals, litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel, provided that each is first advised of the terms of this Protective Order;

ii. The Parties and their officers or employees, including in-house counsel, whose assistance is reasonably necessary to assist counsel in this action;

iii. Experts or consultants retained in good faith for the purposes of this litigation, including both consulting and testifying experts and consulting, non-testifying experts, who have first signed the Acknowledgement in the form attached hereto as Exhibit A;

iv. The Court and court personnel;

v. Court reporters, videographer service, translation service, photocopy service, document management service, records management service, graphics service or such other litigation assistance service designated by a Party or Party's legal counsel in this litigation who have first signed the attached Acknowledgement;

vi. Any private mediators used in this Action and their employees who have first signed the attached Acknowledgement; and

vii. Any non-party witness who is called to testify at a deposition or hearing in this litigation concerning documents or information designated as subject to this Protective Order or who otherwise will be shown or given access to documents or information designated as subject to the Protective Order during the deposition or hearing, provided that any such person or entity is advised of the terms of this Protective Order and has first signed the

5

attached Acknowledgement or provided that the Court, upon the request of any party, otherwise permits the disclosure of Confidential Information to the individual. If any such witness refuses to sign the attached Acknowledgement (Exhibit A), the parties may not disclose Confidential Information to the witness at the deposition or hearing without permission of the Court.

    c. No disclosure of such "Confidential Information" shall be made to any Qualified Person described above until such person has been informed by the attorney intending to disclose the "Confidential Information" of the provisions of this Protective Order; persons described in paragraphs 3(b)(iii), 3(b)(v), 3(b)(vi), and 3(b)(vii) shall, prior to any disclosure of the "Confidential Information," execute an Acknowledgement, attached hereto as Exhibit A.

  4. <u>Disclosure of Confidential Information</u>

    a. Notwithstanding any other provision of this Protective Order that may be construed to the contrary, any Producing Party may disclose its own "Confidential Information" to any person without complying with the provisions of this Protective Order; however, circumstances of such disclosure may be taken into account by the parties, their attorneys, and the Court in determining whether an item is confidential for purposes of this Protective Order. Further, during depositions of persons employed by a Producing Party that has supplied "Confidential Information," counsel may disclose the "Confidential Information" produced by that Producing Party to the deponent and ask questions based on that "Confidential Information" without obtaining any executed, written assurance of compliance with this Protective Order.

    b. In the event that any person who receives or is in possession of "Confidential Information" receives from anyone who is not bound by this Protective Order any subpoena or other compulsory request seeking the production or other disclosure of such "Confidential Information," that person shall immediately notify in writing the Producing Party

6

that designated the material as "Confidential Information," specifying the material sought and enclosing a copy of the subpoena or other form of compulsory process in order to permit the Producing Party the opportunity to intervene and seek to prohibit the disclosure of the material. Where possible, at least fourteen (14) calendar days' notice shall be given prior to the production or disclosure sought to be compelled. Unless otherwise ordered by a court or other tribunal with appropriate jurisdiction, in no event shall any person produce or disclose "Confidential Information" before notice is given to the Producing Party that designated such material as "Confidential Information."

     5.     <u>Use of Confidential Information</u>

     a.     All testimony, information, and/or documents designated as "CONFIDENTIAL" (hereinafter "Confidential Information") shall be used solely in connection with depositions, hearings, pre-trial proceedings, preparation for trial, trial, or other proceedings in this action, and not for any other purpose.

     b.     Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall move to file said documents, things, and/or information under the seal procedures set forth in the Western District of North Carolina Local Civil Rule 6.1.

     c.     Before filing any information that has been designated "Confidential Information" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the Producing Party that produced the information so designated about how it should be filed. If the Producing Party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials, in accordance with Western District of North Carolina Local Civil Rule

6.1, with notice served upon the Producing Party. The Producing Party shall include a provision leaving the ultimate disposition of protected material subject to the final order of the Court on the completion of litigation.

6. <u>Inadvertent Disclosure</u>

In the event of an inadvertent disclosure of another party's "Confidential Information" to a non-Qualified Person, the party making the inadvertent disclosure shall immediately: (i) notify in writing the person who designated the information as "CONFIDENTIAL" of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the "CONFIDENTIAL" information; and (iii) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Protective Order.

7. <u>Inadvertent Failure to Designate</u>

In the event that a Producing Party inadvertently fails to designate any of its Confidential Information pursuant to paragraph 2, the Producing Party may designate information as "CONFIDENTIAL" subsequent to its initial disclosure by providing written notification to the other parties of its confidential nature and, under such circumstances, the information shall be treated as confidential absent contrary instructions from the Court.

8. <u>Inadvertently Produced Privileged Documents</u>

Pursuant to Federal Rule of Evidence 502(d), the production of an attorney-client privileged or attorney work product materials ("Privileged Information") whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work product-protected documents in this case as part of a mass production is not itself a waiver in this case or

in any other federal or state proceeding. The party which inadvertently produced the privileged or work product-protected documents shall be required to prove that the production was inadvertent, that it took reasonable steps to prevent disclosure, that it took reasonable steps to rectify the error, or that it acted promptly to rectify the disclosure. Moreover, the mere production of Privileged Information without further use of that Privileged Information in testimony, at trial, or in any motion other than a motion to compel shall not be deemed "intentional" pursuant to Federal Rule of Evidence 502(a)(1). If a receiving party discovers that it is in receipt of a document it reasonably believes contains privileged information, it shall notify the producing Party, and identify the document in question, within ten (10) business days of such discovery. The parties hereto also acknowledge that regardless of the Producing Party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced. In the event that this provision

9

conflicts with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or applicable Local Rules, the foregoing Rules shall control.

9. Challenge to Designation

a. Any party may contest the designation of material produced or testimony given as "CONFIDENTIAL."

b. The parties shall attempt to informally resolve any disputes regarding designations or objections to the disclosure of "Confidential Information." If such disputes or objections cannot be resolved informally, any party may move the Court for appropriate relief to resolve the matter. Regardless of which party moves the Court, the Producing Party that made the designation at issue shall bear the burden of demonstrating that the material is confidential and should continue to be protected from disclosure by this Protective Order. However, until such time as the Court, after hearing from both sides, specifically rules otherwise, the contested material shall be treated as "Confidential Information," shall remain subject to the provisions of this Protective Order, and shall not be disclosed over any Producing Party's objection.

c. By declining to challenge the designation of any material as "Confidential Information," no party waives any right it may have to challenge the use, admissibility, or authenticity of such material for any other reason. The designation of "Confidential Information" pursuant to this Protective Order shall not be construed as an admission by a Producing Party that such information is relevant or material to any issue or is otherwise admissible as evidence.

d. This Protective Order shall not prejudice the rights of the parties or any other person to request that any hearing, trial, or portions of any hearing or trial involving the

use or presentation of "Confidential Information" be conducted <u>in camera</u>.

      10.     <u>Conclusion of Action</u>

           a.     Within sixty (60) days of the final termination of this action, all documents marked as "CONFIDENTIAL," including each copy thereof and each document which incorporates, in whole or in part, any information designated as "CONFIDENTIAL" shall be verified as having been destroyed or returned to the Producing Party who provided it.

           b.     Notwithstanding any other provision of this Protective Order that may be construed to the contrary, however, counsel shall be allowed to keep complete copies of their case file and all court filings, even if they contain "Confidential Information," with the understanding that such information shall remain confidential and forever remain subject to all terms of this Protective Order.

           c.     The restrictions contained herein with respect to the communications and disclosure to others of "Confidential Information" shall continue in full force and effect during the pendency of and following conclusion of this action and shall be duly binding upon each receiving party, its counsel, and employees.

           d.     The terms and conditions of this Protective Order shall remain in full force and effect, shall survive the final resolution of this action and shall be binding on all parties and signatories unless the Protective Order is terminated or modified in writing by the Court. Each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Protective Order, in perpetuity, and the Court will retain jurisdiction to enforce the terms of this Protective Order following termination of this action, the filing of a notice of appeal, or any other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

11. <u>Notices</u>

All notices required or permitted to be provided by this Protective Order shall be made by email. In the event that notification by email is impracticable, a notice shall be made by either (i) hand-delivery of the notice to counsel of record in person; or (ii) sending the notice by a courier for overnight delivery to counsel of record.

12. <u>Confidentiality of Party's own Documents</u>

Nothing in this Protective Order shall diminish any party's right to contend that the documents, information, or testimony produced herein without a designation of "CONFIDENTIAL" are nonetheless confidential or proprietary and subject to appropriate protection under applicable law. The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek any further or different protection from the Court for any document, information, or testimony.

13. <u>Modification of Protective Order</u>

This Protective Order is subject to modification or termination by the Court upon showing of good cause.

**SO ORDERED**.

Signed: May 10, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge

AGREED TO AND APPROVED FOR ENTRY:


*/s/ J. Douglas Grimes*
J. Douglas Grimes
Anna C. Majestro
Allen, Chesson & Grimes, PLLC
505 N. Church Street
Charlotte, NC 28202
Telephone: 704-755-6010
E-mail: dgrimes@allenchesson.com
E-mail: amajestro@allenchesson.com

*/s/ Matthew D. Kennedy*
Matthew D. Kennedy
Fitzpatrick & Hunt, Pagano, Aubert, LLP
Twelve East 49th Street
31st Floor
New York, NY 10017
Telephone: 203-580-4000
E-mail: matthew.kennedy@fitzhunt.com

*Attorneys for Plaintiffs and Third-Party Defendant*


*/s/ Reid C. Adams, Jr.*
Reid C. Adams, Jr.
N.C. State Bar No. 9669
Caitlin T. Augerson
N.C. State Bar No. 57811
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 721-3600
Facsimile:  (336) 721-3660
E-mail:  Cal.Adams@wbd-us.com
E-mail: Caitlin.Augerson@wbd-us.com

*Attorneys for Defendant/Third-Party Plaintiff*

# EXHIBIT A
# ACKNOWLEDGEMENT

      I, hereby certify (i) I understand discovery material and/or "Confidential Information" are being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the Western District of North Carolina (the "Court") in this lawsuit, No. 3:22-cv-472 and (ii) I have read said Order. I further certify I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand a violation of the Order may be punishable by contempt of Court.

Dated: _____

Signature: _____

Name: _____

Address: _____

                _____

                _____